UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MARCUS ANDERSON, | ) | |
| Petitioner, | ) | 2:10-cv-01916-KJD-LRL |
| vs. | ) | **ORDER** |
| BRIAN E. WILLIAMS, *et al.*, | ) | |
| Respondents. | ) | |

This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by petitioner appearing pro se. Before the Court is respondents' answer to the remaining grounds for relief (ECF No. 10). Petitioner has not filed a reply.

**I.    Procedural History**

In early 2008, petitioner was indicted by the Clark County Grand Jury on seven counts including possession of a controlled substance, stop required on signal of police officer, two counts conspiracy to traffic in controlled substance, two counts trafficking in a controlled substance and possession of a firearm by a felon. Exhibit 2.[1] After entering a not guilty plea, petitioner filed a pre-trial petition for writ of habeas corpus challenging the probable cause for the charge of stop required on signal of police officer charge. Exhibits 1 and 4. The petition was denied in an order on April 25, 2008. Exhibit 6. Trial was conducted on June 30, 2008, with the jury returning a guilty

---

[1] The exhibits referenced in this Order were submitted by respondents in support of their motion to dismiss and are found in the Court's docket at ECF No. 7.

verdict as to all charges. Exhibit 11. On September 16, 2008, petitioner was sentenced to concurrent terms of imprisonment ranging from 19 to 48 months to 28 to 72 months with the court dismissing one count of conspiracy to traffic in a controlled substance. Exhibit 12.

Petitioner appealed, filing a fast track statement which raised seven grounds for relief, attacking the sufficiency of the evidence and the constitutionality of the Nevada statute requiring stop on signal of police officer. Exhibits 14. The Nevada Supreme Court affirmed petitioner's conviction in an order entered November 5, 2009. Exhibit 21.

Petitioner next filed a state post-conviction petition raising various claims of ineffective assistance of counsel. Exhibit 23. The state district court denied relief on December 28, 2009. Exhibit 29. Thereafter, petitioner appealed this order to the Nevada Supreme Court. Exhibit 33. The state supreme court affirmed the lower court's decision on September 10, 2010. Exhibit 34.

Petitioner filed his federal habeas petition on November 2, 2010. After an unopposed motion to dismiss resulted in dismissal of grounds 1 and 9 of the petition, respondents have filed their answer to the remaining claims. Discussion of the arguments presented follow.

**II.   Legal Standard**

<u>Habeas Corpus Standards</u>

28 U.S.C. §2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the standards of review that this Court applies to the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. §2254(d).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. §2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1173 (2003) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495 (2000), and *citing Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843 (2002).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. §2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. at 74, 123 S.Ct. at 1174 (*quoting Williams*, 529 U.S. at 413, 120 S.Ct. 1495). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (*quoting Williams*, 529 U.S. at 409, 120 S.Ct. 1495).

In determining whether a state court decision is contrary to federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 122 S.Ct. 324 (2001). With respect to pure questions of fact, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1).

If there is no reasoned decision upon which the Court can rely, then it must make an independent review of the record to determine whether the state court clearly erred in its application of controlling federal law. *See Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000).

3

### III.     Discussion

####     Ground Two

In ground two, petitioner claims the district court erred in denying his pretrial petition for writ of habeas corpus attacking the charge of stop required on signal of a police officer based on the evidence presented to the grand jury. He asserts the fact that the officers were traveling in an unmarked car did not meet the statutory requirement that it be a "readily identifiable vehicle of any police department."

In *United States v. Mechanik,* 475 U.S. 66, 70, 106 S.Ct. 938, 941-42 (1986), the United States Supreme Court held that a subsequent conviction at trial on the questioned charge renders any purported error in the grand jury proceedings harmless. In addressing the sufficiency of the evidence to convict petitioner on the stop required on signal of a police officer charge, the court also denied petitioner's claim that the trial court erred in denying his pre-trial petition for writ of habeas corpus as to this charge. The court stated:

> In a related argument, Anderson contends that the district court erred by denying his pretrial petition for a writ of habeas corpus challenging the probable cause determination regarding the charge of stop required on the signal of a police officer. Anderson concedes that the same evidence was presented to the grand jury that was presented at trial and, because we have found that sufficient evidence was presented to sustain the conviction for stop required on the signal of a police officer based on the higher burden of proof, beyond a reasonable doubt, we conclude that the district court did not err by rejecting his pretrial petition challenging the probable cause determination on that charge.

Exhibit 21, p. 3, n. 2.

Petitioner has not demonstrated that the Nevada Supreme Court's decision on this claim was objectively unreasonable in light of clearly established federal law. Neither has he shown that the factual determinations were unreasonable. Ground two lack merit and no relief is warranted.

####     Grounds Three, Five, Six and Seven

Petitioner argues that there was insufficient evidence to convict him of the charges of

1  (ground 3) Stop Required on Signal of Police Officer, (ground five) Possession of a Controlled

2  Substance, (ground six) Felon in Possession of Firearm, and (ground 7) Conspiracy to Traffic in

3  Controlled Substance.

4        In Nevada, the standard for addressing a sufficiency of the evidence claim is derived

5  from *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979).  *See McNair v. State,* 108

6  Nev. 53, 56, 825 P.2d 571, 573 (1992).  That standard requires the court to determine "whether, after

7  viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could

8  have found the essential elements of the crime beyond a reasonable doubt." *Id.*  That was the

9  standard applied by the Nevada Supreme Court to petitioner's claims of insufficient evidence.  *See*

10  Exhibit 21, pp. 1-3.  Therein the court identified the evidence presented at trial and concluded,

> [T]he jury could reasonably infer from all the evidence presented that Anderson was guilty of all counts beyond a reasonable doubt.  *See* NRS 453.336(1); NRS 484.348(3); NRS 453.401(1); NRS 202.360(1)(a).  It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict. *See Bolden v. State,* 97 Nev. 71, 73, 624 P.2 20, 20 (1982); *see also McNair v. State,* 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).  Moreover, we note that circumstantial evidence alone may sustain a conviction.  *See Buchanan v. State,* 119 Nev. 201, 217, 69 P.3d 694, 705 (2003).  Therefore, we conclude that Anderson's claim lacks merit.

17  *Id.*

18        Petitioner offers nothing to suggest that the state courts' determinations entitled him

19  to relief from this Court under the constraints of 28 U.S.C. § 2254.  Grounds three, five, six, and

20  seven shall be denied.

21        Ground Four

22        Ground four claims that the Nevada criminal statute defining the offense of Stop

23  Required on Signal of Police Officer is "void for vagueness" because the term "readily identifiable

24  vehicle" is not defined in the statute and it is unclear whether the vehicle must be marked as a police

25  vehicle or not.  The Nevada statute in question here reads:

26

> Except as otherwise provided in this section, the driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a peace officer in a readily identifiable vehicle of any police department or regulatory agency, when given a signal to bring his vehicle to a stop is guilty of a misdemeanor.[2]

NRS 484.348(1).

To avoid a vagueness challenge, the prohibitions set out in a statute must be clearly defined. *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298 (1972). The law must "delineate[] its reach in words of common understanding. *Cameron v. Johnson,* 390 U.S. 611, 616, 88 S.Ct 1335, 1338 (1968).

In considering this claim during petitioner's direct appeal, the Nevada Supreme Court noted that the facts surrounding petitioner's arrest by the officers show that petitioner did, in fact recognize the police vehicle because he originally pulled over to the side of the road when the officers activated the unmarked car's red flashing lights and siren. *See* Exhibit 21, p. 4. Additionally, the evidence indicated that it was only after he observed the uniformed police officers exit the vehicle and move in his direction that he fled the scene. *Id.* The court concluded that petitioner "could have had no reasonable doubt that he was violating NRS 484.348 by fleeing in his vehicle after the traffic stop was initiated" rendering meritless his argument that the statute is unconstitutionally vague. *Id.*

Once again, petitioner has failed to identify for this Court any unreasonable application of clearly established federal law or unreasonable factual determination by the Nevada courts which would warrant relief under 28 U.S.C. § 2254. Ground 4 must be denied.

---

[2] Chapter 484 of the Nevada Revised Statutes was reorganized and renamed NRS 484B.550 during the 2009 legislative session. *See* Laws 2009, c. 369, § 13, eff. May 29, 2009. Substituted in revision for NRS 484.348 (2009).

6

<u>Ground Eight</u>

In this ground for relief, petitioner argues that he received ineffective assistance of counsel, identifying six areas where counsel's performance was alleged to be constitutionally deficient.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established the standards by which claims of ineffective counsel are to be reviewed and propounding a two prong test which requires a showing (1) that the defense attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. The test to determine prejudice is whether there is a reasonable probability that, but for the attorney's challenged conduct, the result of the proceeding in question would have been different. *Id*. at 691-94. The Court defined reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Review of an attorney's performance must be "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the "distorting effects of hindsight." *Id.* at 689. A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ... [and] the [petitioner] must overcome the presumption that ... the challenged action might be considered sound trial strategy." *Id.* (citation omitted).

a.  <u>Counsel failed to investigate or call witnesses</u>.

Petitioner argues that counsel failed to investigate, subpoena or call witnesses "readily to establish [his] version of events."

Counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691. More

1  specifically, "a particular decision not to investigate must be directly assessed for reasonableness in
2  all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*  However,
3  a petitioner has the obligation to provide the court with sufficient factual support of his claims to
4  demonstrate that, if true, they warrant relief. *Adams v. Armontrout,* 897 F.2d 332, 334 (8th Cir. 1990)
5  (facts alleged must consist of sufficient detail to enable the court to determine, from the face of the
6  petition alone, whether the petition merits further habeas corpus review.)

7  As the Nevada Supreme Court noted, petitioner has failed to provide such
8  information.  *See* Exhibit 34.  Because petitioner does not identify the facts or witnesses he believes
9  counsel should have investigated, he cannot demonstrate that counsel's performance prejudiced his
10 defense.

    b.  <u>Counsel failed to file pretrial motion challenging probable cause findings on all charges</u>.

13 Here again, petitioner has failed to show the requisite prejudice.  Conclusory
14 allegations do not warrant relief and petitioner has not shown that pretrial motions challenging the
15 various charges for which he was convicted would have been successful. *Adams v. Armontrout,* 897
16 F.2d at 334. Counsel did file a pretrial petition for writ of habeas corpus as to the Stop required on
17 signal of police officer charge, which was unsuccessful.  Moreover, as discussed above, the Nevada
18 Supreme Court found the denial of that motion to be proper.  Exhibit 21.

    c.  <u>Counsel failed to zealously and competently represent petitioner at trial by developing and presenting a competent defense and failed to offer competent opening statement and closing argument</u>.

22 In these two related claims, petitioner complains of the lack of zealous and competent
23 representation offered by his counsel in presenting a defense to the jury.  However, as with previous
24 claims of ineffective assistance, petitioner fails to offer any specific facts to suggest how counsel's
25 performance should have been improved and how petitioner was prejudiced by counsel's purported
26

8

failures. Neither has petitioner shown that the Nevada Supreme Court's conclusions as to these claims were improper within the context of 28 U.S.C. § 2254. In denying the claims, the state's high court cited the strength of the evidence presented at trial, noting

> The police found drugs both in the vehicle appellant was driving and in his apartment. "In addition, appellant's fingerprint was discovered on the firearm in the apartment.

Exhibit 34, p.3

> e. Counsel failed to prepare appropriate jury instructions and failed to prepare for jurors, a theory of defense or necessary cautionary instructions.

These claims relate to counsel's purported failure to prepare or offer jury instructions. Petitioner offers no suggestions as to what instructions counsel should have offered to the court for instructing the jury. He further fails to inform this Court as to any deficiencies he perceives in the instructions that were offered. Such conclusory allegations are insufficient to obtain relief in this federal habeas action. *Adams v. Armontrout,* 897 F.2d at 334.

Petitioner has not shown the Nevada Supreme Court's rejection of these claims to be objectively unreasonable either in the application of federal law or in its factual determinations. No relief is warranted.

## IV.   Conclusion

The petition presented to this Court does not raise claims that warrant relief because they are conclusory in nature and because petitioner cannot demonstrate that the state courts' handling of his claims was improper under 28 U.S.C. § 2254. As a result, the petition shall be denied. Moreover, no certificate of appealability is warranted where the claims do not make "a substantial showing of the denial of a constitutional right." *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

To obtain a certificate of appealability, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner

9

1  has the burden of demonstrating that the issues are debatable among jurists of reason; that a court
2  could resolve the issues differently; or that the questions are adequate to deserve encouragement to
3  proceed further. *Id.*
4      Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing
5  Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in
6  the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a
7  notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has
8  considered the issues raised by petitioner, with respect to whether they satisfy the standard for
9  issuance of a certificate of appealability, and determines that none meet that standard. The Court
10 will therefore deny petitioner a certificate of appealability.
11     **IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus
12 pursuant to 28 U.S.C. § 2254 is **DENIED.**
13     **IT IS FURTHER ORDERED** that no certificate of appealability shall issue. The
14 Clerk shall enter judgment accordingly.
15     DATED: June 27, 2011

_____
UNITED STATES DISTRICT JUDGE